UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANKLIN MENDEZ,

                              Plaintiff,

-against-

MOLLY WASLOW PARK, COMMISSIONER OF NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, and THE CITY OF NEW YORK,

                              Defendants.

Case No. 24-cv-2486-ER

---

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

---

**THE HON. SYLVIA O. HINDS-RADIX**
**Corporation Counsel for The City of New York**
**100 CHURCH STREET**
**NEW YORK, NEW YORK 10007**
Jaimini Vyas
212-356-2079

**Attorneys for Defendants**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

       POINT I ............................................................................................................................. 2

             PLAINTIFF CANNOT SATISFY THE STANDARD TO OBTAIN A MANDATORY PRELIMINARY INJUNCTION. ............................................................... 2

             A.  Plaintiff cannot show a clear or substantial likelihood of success on the merits. ....................................................... 2

                  I.  Plaintiff has failed to state a claim on which this Court may grant relief. ............................................................. 5

             B.  Plaintiff cannot make a strong showing of irreparable harm. ................................................................................ 6

             C.  The public interest is not served by the issuance of a preliminary injunction. ................................................................. 7

             D.  The balance of hardships does not favor Plaintiff. ................................................................................................. 8

       POINT II ............................................................................................................................ 9

             THIS COURT LACKS SUBJECT MATTER JURISDICTION TO COMPEL DHS TO PLACE PLAINTIFF IN A SHELTER OF HIS CHOOSING. ............................... 9

CONCLUSION ............................................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aid Soc'y. v. Scheinman*,
    53 N.Y.2d 12 (1981) ..................................................................................................10

*Altamore v. Barrios-Paoli*,
    90 N.Y.2d 378 (1997) ..................................................................................................9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ....................................................................................................3

*Ayala v. Berlin*,
    29 Misc. 3d 942 (N.Y. Sup. Ct. 2010) ........................................................................7

*Brusco v. Braun*,
    84 N.Y.2d 674 (1994) ..................................................................................................9

*Butler et al. v. City of New York, et al.*,
    15-cv-03783-VEC (SDNY Nov. 13, 2017), ECF 67 ..................................................5

*Daileader v. Certain Underwriters at Lloyds London Syndicate 1861*,
    96 F.4th 351 (2d Cir. 2024) ........................................................................................2

*Harper v. Angiolillo*,
    89 N.Y.2d 761 (1997) ..................................................................................................9

*Jenkins v. N.Y.C. Dep't of Homeless Servs.*,
    643 F. Supp. 2d 507 (S.D.N.Y. 2009) .......................................................................10

*Jones-Bey v. Dep't of Soc. Servs.*,
    No. 23-CV-8869 (LTS), 2023 U.S. Dist. LEXIS 216737 (S.D.N.Y. Dec. 5,
    2023) .......................................................................................................................5, 6

*Komatsu v. City of N.Y.*,
    No. 23-CV-5406 (LTS), 2024 U.S. Dist. LEXIS 71351 (S.D.N.Y. Apr. 15,
    2024) ...........................................................................................................................5

*Medina v. City of N.Y.*,
    No. 20-CV-3763 (VSB), 2023 U.S. Dist. LEXIS 171593 (S.D.N.Y. Sep. 26,
    2023) ...........................................................................................................................8

*Monterroso v. City of N.Y.*,
    2024 U.S. Dist. LEXIS 16889 (S.D.N.Y. Jan. 31, 2024) .........................................3, 4

*N.Y. Civil Liberties Union v. State of New York*,
    4 N.Y.3d 175 (2005) ...................................................................................................9, 10

*Olmstead v. L. C.*,
    527 U.S. 581 (1999) ..............................................................................................................4

*Powers v. City of New York*,
    262 A.D.2d 246 (1st Dep't 1999), *lv. denied*, 94 N.Y.2d 751 (1999) .......................................9

*Syville v. City of N.Y.*,
    No. 18-CV-1183 (CM), 2018 U.S. Dist. LEXIS 78614, at *6 (S.D.N.Y. May
    8, 2018) ................................................................................................................................10

*Tucker Anthony Realty Corp. v. Schlesinger*,
    888 F.2d 969 (2d Cir. 1989) ...................................................................................................6

*Uppal v. N.Y. State Dep't of Health*,
    756 F. App'x 95 (2d Cir. 2019) ..............................................................................................6

*Vasquez v. City of N.Y.*,
    No. 21-CV-9555 (LTS), 2022 U.S. Dist. LEXIS 128024 (S.D.N.Y. July 18,
    2022) ......................................................................................................................................9

*Matter of Walsh v. La Guardia*,
    269 N.Y. 437 (1936) ..............................................................................................................9

*Watergate II Apartments v. Buffalo Sewer Authority*,
    46 N.Y.2d 52 (1978) ..............................................................................................................7

*Xiao Qing Liu v. N.Y. State Dep't of Health*,
    2017 U.S. Dist. LEXIS 124312 (S.D.N.Y. Aug. 4, 2017) ......................................................6

**Statutes**

N.Y. Soc. Serv. Law § 22 .................................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) ....................................................................................................................6

**PRELIMINARY STATEMENT**

Defendants Molly Waslow Park, Commissioner of the New York City Department of Social Services, and The City Of New York (collectively "Defendants") respectfully submit this Memorandum of Law in opposition to Plaintiff's motion for a preliminary injunction. Plaintiff asserts that he is legally blind and qualifies as a person with a disability under the Americans with Disabilities Act. He has filed this motion for preliminary injunction (1) essentially as a writ of mandamus to compel the Department of Homeless Services ("DHS") immediately to relocate him from a shelter on Ward's Island—located in the borough of Manhattan, i.e., New York County—to a different shelter or hotel in Manhattan with a single room with more convenient access to his medical and other service providers located in Manhattan; and (2) to establish a regular reporting mechanism to this Court on the implementation of accommodations for him to ensure ongoing compliance.

Plaintiff's request for relief is moot and substantially duplicative of the ultimate relief requested in the Complaint. Furthermore, Plaintiff failed to exhaust administrative remedies. Plaintiffs' application for a Preliminary Injunction must therefore be denied.

**ARGUMENT**

**POINT I**

**PLAINTIFF CANNOT SATISFY THE STANDARD TO OBTAIN A MANDATORY PRELIMINARY INJUNCTION.**

"In general, [a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Daileader v. Certain Underwriters at Lloyds London Syndicate 1861*, 96 F.4th 351, 356 (2d Cir. 2024).[1] Further, where, as here, Plaintiff seeks a mandatory preliminary injunction to alter the status quo or receive substantially all the relief sought in the complaint, he must satisfy the "heightened standard" and "show a clear or substantial likelihood of success on the merits and make a strong showing of irreparable harm." *Id.* at 356. As discussed below, Plaintiff's request must be denied because his motion fails to satisfy the standard to obtain a mandatory preliminary injunction.

A.   **Plaintiff cannot show a clear or substantial likelihood of success on the merits.**

Plaintiff cannot show a likelihood of success on the merits simply because—as demonstrated by the Declaration of Ms. Elizabeth Iannone, Esq., Special Counsel of Disability Affairs at the Office of Legal Affairs at the New York City Department of Social Services ("Iannone Decl.")—DHS timely processed all requests for reasonable accommodations made by the Plaintiff and provided adequate accommodations before Plaintiff filed the complaint in this action. In requesting that this Court issue an order to "swiftly and decisively [] compel the Defendant to provide the reasonable accommodations to which Plaintiff is entitled," Pl.'s Mtn.

---

[1] All internal quotation marks and citation omitted unless indicated.

2

for OSC 6, ECF 3, Plaintiff has requested relief that has been provided to him without this Court's intervention before the filing of the complaint and this request for a preliminary injunction. In his motion for a preliminary injunction, Plaintiff makes the following "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009):

- Defendants are in violation of the Americans with Disabilities Act and the Rehabilitation Act because of their supposed "refusal to accommodate Plaintiff's disability" Pl.'s Mtn. for OSC 8, ECF 3;

- Defendants have unjustifiably segregated Plaintiff in an institutional setting and denied him the opportunity to integrate into the community in violation of *Olmstead v. L. C.*, 527 U.S. 581 (1999), *id.* at 2–3, 4, 8, 10; and

- Defendants have violated the terms of the settlement agreement reached in *Butler et al. v. City of New York, et al.*, 15-cv-03783-VEC (SDNY Nov. 13, 2017), ECF 67, to provide reasonable accommodations to persons with a disability within the meaning of the Americans with Disabilities Act who reside or seek to reside in the Department of Homeless Services ("DHS") Shelter System, *id*.

As demonstrated by the Iannone Decl., Defendants did not refuse to provide reasonable accommodations for Plaintiff. Further, Plaintiff has failed to allege facts sufficient to demonstrate that he was denied meaningful access to a placement in a shelter located on the island of Manhattan because of his blindness. "To determine whether a public entity has failed to make reasonable accommodation, courts look to whether a plaintiff with disabilities as a practical matter was denied meaningful access to services, programs or activities to which he or she was legally entitled." *Monterroso v. City of N.Y.*, 2024 U.S. Dist. LEXIS 16889, at *9 (S.D.N.Y. Jan.

3

31, 2024) quoting *Brooklyn Ctr. for Indep. of the Disabled v. Metro. Transp. Auth.*, 11 F.4th 55, 62 (2d Cir. 2021). Here, Plaintiff "does not allege facts showing a denial of meaningful access to services on account of Plaintiff's disability." *Id.* at *10. Specifically, Plaintiff has failed to demonstrate that (1) he was legally entitled to be placed in a shelter at a different location in Manhattan because of his disability; and (2) he was denied that placement due to discrimination based on his disability. Moreover, on April 2, 2024, before any defendant was served with Plaintiff's Complaint or the order to show cause for a preliminary injunction, Plaintiff refused DHS's offer to place him in a shelter located at 317 Bowery on the island of Manhattan. *See* Iannone Decl. ¶ 8.

Moreover, Defendants have not unjustifiably segregated Plaintiff in an institutional setting and denied him the opportunity to integrate into the community in violation of *Olmstead v. L. C.*, 527 U.S. 581 (1999). *Olmstead* held that the Americans with Disabilities Act (42 USC § 12131 et seq.) requires states, under some circumstances, to provide persons with mental disabilities with community-based treatment rather than placement in institutions. Here, Plaintiff, who is allegedly legally blind, is being housed in a shelter along with other members of the community, most of whom are not legally blind. *See* Iannone Decl. ¶ 6. Contrary to Plaintiff's assertion, he has not been "institutionalized." *Id.* Thus, DHS is not in violation of *Olmstead* here.

Separately, as demonstrated above, Defendants have provided reasonable accommodations to Plaintiff, consistent with the mandates in *Butler et al. v. City of New York, et al.*, 15-cv-03783-VEC (SDNY Nov. 13, 2017), ECF 67. *See* Iannone Decl. ¶ 7. If Plaintiff is dissatisfied, he may pursue remedies administratively as outlined in the *Butler* settlement and further through Article 78.

### I.     Plaintiff has failed to state a claim on which this Court may grant relief.

Plaintiff also cannot demonstrate a likelihood of success on the merits because the allegations in the application for a preliminary injunction and the Complaint fail to state a claim. Further, the Court lacks subject matter jurisdiction because Plaintiff has not availed himself of the available state procedures.

"[W]here a plaintiff alleges a deprivation of property in violation of the due process clause, the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts. If so, there will be no claim before the federal court, whether or not plaintiff took advantage of the state procedure." *Komatsu v. City of N.Y.*, No. 23-CV-5406 (LTS), 2024 U.S. Dist. LEXIS 71351, at *20 (S.D.N.Y. Apr. 15, 2024). "Public assistance benefits have long been afforded constitutional protection as a species of property protected by the federal Due Process Clause." *Id.* Thus, Plaintiff must pursue available state remedies. *See Id.* at *24.

Plaintiff can seek a Fair Hearing before the New York State Office of Temporary and Disability Assistance ("OTDA") if he wishes to challenge the adequacy of his placement within the DHS shelter system. *See* N.Y. Soc. Serv. Law § 22; *see also Butler*, 15-cv-03783-VEC (SDNY Nov. 13, 2017), ECF 67 at 11–12. He may further appeal under Article 78 of the New York Civil Practice Law and Rules any adverse decision rendered by the OTDA. "These procedures have been found to be constitutionally sufficient to challenge adverse determinations in connection with government entitlement programs." *Jones-Bey v. Dep't of Soc. Servs.*, No. 23-CV-8869 (LTS), 2023 U.S. Dist. LEXIS 216737, at *7 (S.D.N.Y. Dec. 5, 2023) (citing *Banks v. Human Res. Admin. & Food & Nutrition Serv.*, No. 11-CV-2380, 2013 U.S. Dist. LEXIS 4737 at*3 (E.D.N.Y. Jan. 11, 2013); *Vapne v. Eggleston*, No. 04-CV-565 (NRB), 2004 U.S. Dist.

5

LEXIS 24147 at *5 (S.D.N.Y. Dec. 1, 2004)). Thus, this Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims.

Although "courts liberally construe pleadings prepared by *pro se* litigants and hold them to less stringent standards than formal pleadings drafted by lawyers," the court must dismiss a complaint, "or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Jones-Bey*, No. 23-CV-8869 (LTS), 2023 U.S. Dist. LEXIS 216737, at *1–2. The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *Id.* at *2; Fed. R. Civ. P. 12(b)(1).

Finally, Plaintiff has not and cannot allege facts sufficient to establish that the City of New York deprived him of his federal rights pursuant to a municipal policy, custom, or practice. "A municipality or other local government may be liable under [§ 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Xiao Qing Liu v. N.Y. State Dep't of Health*, 2017 U.S. Dist. LEXIS 124312, at *17 (S.D.N.Y. Aug. 4, 2017).

**B.     Plaintiff cannot make a strong showing of irreparable harm.**

Plaintiff has failed to show an actual and imminent—rather than merely speculative—harm, which is fatal to his application. *See Uppal v. N.Y. State Dep't of Health*, 756 F. App'x 95, 96 (2d Cir. 2019) ("Irreparable harm is the single most important prerequisite for injunctive relief, and in the absence of a showing of irreparable harm, a motion for a preliminary injunction should be denied.") An irreparable harm must be an injury "neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989).

Plaintiff makes vague and speculative allegations of ongoing irreparable harm to his health, safety, and overall well-being and being isolated from critical services and support systems. Pl.'s

6

Mtn. for OSC 3, ECF 3. He does not articulate how he will be immediately harmed because he is being provided shelter on Ward's Island, which is in the county of New York, i.e., Manhattan. *See* Iannone Decl. ¶ 5. To the contrary, Plaintiff has been provided shelter with other members of the community, has refused placement in a shelter located at 317 Bowery in the borough of Manhattan, expressed satisfaction with his current room placement, and reported that the facility has met his accommodations and that he has no further accommodational needs at this time. *See* Iannone Decl. ¶ 8. Moreover, Plaintiff reported that he had memorized the path from the Access-A-Ride pickup/drop-off location to the shelter and that Access-A-Ride now picks him up at the facility at 8 a.m. daily and that he prefers to return just before dark. *Id.* at ¶ 9.

Finally, Plaintiff alleges no facts to demonstrate why he would be irreparably harmed unless the Court establishes a mechanism that provides regular reports to the Court on the implementation of accommodations provided to the Plaintiff. The Court should deny Plaintiff's unwarranted request for monitoring, especially where, as here, DHS has promptly addressed Plaintiff's requests.

C.     **The public interest is not served by the issuance of a preliminary injunction.**

Simply put, Plaintiff's claims for reasonable accommodations are moot. And, to the extent he disagrees with the implementation of accommodation requests granted, he must first exhaust his administrative remedies. *See Watergate II Apartments v. Buffalo Sewer Authority*, 46 N.Y.2d 52, 57 (1978) ("It is hornbook law that one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law. This doctrine furthers the salutary goals of relieving the courts of the burden of deciding questions entrusted to an agency, preventing premature judicial interference with the administrators' efforts to develop, even by some trial and error, a coordinated, consistent and legally enforceable scheme of regulation and affording the agency the opportunity, in advance of possible judicial review, to

prepare a record reflective of its expertise and judgment."); *see also Ayala v. Berlin*, 29 Misc. 3d 942, 947 (N.Y. Sup. Ct. 2010) (recognizing the requirement that petitioner must file a complaint with the Commissioner of OTDA pursuant to 18 NYCRR 358-6.4 (c)). Thus, there is no justifiable public interest served in abandoning the procedure to obtain and challenge the implementation of reasonable accommodation requests by giving preference to Plaintiff to the detriment of other individuals, including those disabled, who also seek shelter through DHS.

D.      **The balance of hardships does not favor Plaintiff.**

Most of Plaintiff's reasonable accommodation requests were approved on the same day that he made them, and all his accommodation requests were addressed before he filed the Complaint and request for preliminary injunction in this action. As a matter of law, however, the "Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *Medina v. City of N.Y.*, No. 20-CV-3763 (VSB), 2023 U.S. Dist. LEXIS 171593, at *25 (S.D.N.Y. Sep. 26, 2023). Even where an exception applies, the plaintiff "must show that the challenged behavior was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Id.* at *25–26. To meet that pleading threshold, Plaintiff must assert facts sufficient to establish that "the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the … detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at *26. Plaintiff has not, and cannot, allege facts that establish that any DHS staff member acted intentionally to pose an excessive risk to Plaintiff's health and safety. Thus, the balance of hardships does not favor Plaintiff.

## POINT II

### THIS COURT LACKS SUBJECT MATTER JURISDICTION TO COMPEL DHS TO PLACE PLAINTIFF IN A SHELTER OF HIS CHOOSING.

This court lacks mandamus jurisdiction to compel Defendants to transfer Plaintiff to a specific homeless shelter, which is a discretionary, not a ministerial decision.[2] "Federal courts have no general power to compel action by state officials." *Vasquez v. City of N.Y.*, No. 21-CV-9555 (LTS), 2022 U.S. Dist. LEXIS 128024, at *9 n.3 (S.D.N.Y. July 18, 2022) (citing *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) (if petitioner "had expressly sought relief in the nature of mandamus or prohibition [as available through an Article 78 proceeding], we would lack jurisdiction")). Separately, even from New York State Courts, such drastic relief is appropriate in extremely narrow circumstances. As the New York Court of Appeals has stated:

> Mandamus, of course, is an extraordinary remedy that, by definition is available only in limited circumstances. Indeed, mandamus lies to compel the performance of a purely ministerial act where there is a clear legal right to the relief sought.

*See Harper v. Angiolillo*, 89 N.Y.2d 761, 765 (1997); *Altamore v. Barrios-Paoli*, 90 N.Y.2d 378, 385 (1997); *Brusco v. Braun*, 84 N.Y.2d 674, 679 (1994); *Powers v. City of New York*, 262 A.D.2d 246 (1st Dep't 1999), *lv. denied*, 94 N.Y.2d 751 (1999). Mandamus is inappropriate to compel actions that are not required by law. *Matter of Walsh v. La Guardia*, 269 N.Y. 437, 441–442 (1936).

---

[2] A discretionary act "involves the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result." *N.Y. Civil Liberties Union v. State of New York*, 4 N.Y.3d 175, 183-84 (2005) (citing *Tango v. Tulevech*, 61 N.Y.2d 34, 41 (1983)).

When this relief is sought against a government official, the petitioner must show that the public official has failed to perform a duty enjoined by law over which the official has no discretion at all. *See N.Y. Civil Liberties Union*, 4 N.Y.3d at 183-84 (citing CPLR § 7803(1); *Legal Aid Soc'y. v. Scheinman*, 53 N.Y.2d 12, 16 (1981)). Here, DHS' determination about the appropriate shelter location was clearly discretionary. Because a plaintiff seeking relief through a mandamus to compel cannot request such relief to enforce the performance of a duty that is discretionary, Plaintiff's request for injunctive relief must be denied. *See id.*

Moreover, "Plaintiff has no claim for deprivation of property without due process because he does not have a property right to placement in a particular type of shelter under New York law." *Jenkins v. N.Y.C. Dep't of Homeless Servs.*, 643 F. Supp. 2d 507, 512 (S.D.N.Y. 2009); *see also Syville v. City of N.Y.*, No. 18-CV-1183 (CM), 2018 U.S. Dist. LEXIS 78614, at *6 (S.D.N.Y. May 8, 2018) (applying *Jenkins* and dismissing, under 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's ADA and Rehabilitation Act claims). "The implementing directive promulgated by the New York State Office of Temporary and Disability Assistance makes it clear that broad discretion is given to local authorities in assigning the homeless to shelters." *Jenkins*, 643 F. Supp. 2d at 512. "The directive explicitly states, 'Homeless persons do not have the right to choose their own temporary placements.'" *Id.* "If state law gives government officials discretion to grant or deny a benefit, it is not a protected property interest protected by the Due Process Clause." *Id.* citing *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005). Here, Plaintiff "was assigned shelter through the established rules and procedures of DHS. He was, therefore, not deprived of any property protected under New York law." *Id.*

## **CONCLUSION**

For the reasons stated herein, Defendants respectfully request that the Court deny Plaintiff's motion for preliminary injunction and grant Defendants such other and further relief as the Court deems just and proper.

Dated:   April 30, 2024
         New York, New York,

                                        HON. SYLVIA O. HINDS-RADIX
                                        *Corporation Counsel of the City of New York*
                                        Attorney for Defendants
                                        100 Church Street
                                        New York, NY 10007
                                        212-356-2079

By:  _____
        Jaimini A. Vyas
        *Assistant Corporation Counsel*

cc:   **By ECF and US mail**
      *Pro se* Plaintiff
      Franklin Mendez
      Help USA Shelter
      C-346
      111 Suken Garden Loop
      New York, NY 10035