UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANKLIN MENDEZ,

                       Plaintiff,

-against-

MOLLY WASLOW PARK, COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, and THE CITY OF NEW YORK,

                       Defendants.

Case No. 24-cv-2486-ER

**DECLARATION OF ELIZABETH IANNONE, ESQ., IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

**ELIZABETH A. IANNONE** affirms under penalty of perjury and, pursuant to 28 U.S.C. § 1746, declares the following:

1. I am an admitted attorney in the State of New York and employed by the New York City Department of Social Services ("DSS") as Special Counsel Disability Affairs at the Office of Legal Affairs at the New York City Department of Social Services.

2. Previously, I served as a Legal Implementation Strategist in the Office of Legal Affairs, Homeless Litigation and Program Counseling Unit of the New York City Department of Social Services and, before that, held the position of DSS Director of Disability Affairs for Homeless Services. Prior to that, I was employed as the Director of the Office of Reasonable Accommodations. I have been employed by DSS for approximately 8 years and 2 months.

3. I submit this Declaration in Opposition to Plaintiff's Motion for Preliminary Injunction in this action at ECF 3.

4. I am familiar with the facts and circumstances set forth in this declaration based upon my personal knowledge and my review of records in the possession and custody of DHS. These records include the case file on Plaintiff in the databases maintained by the NYC Department

of Homeless Services ("DHS") known as the "Client Assistance Re-Housing Enterprise System" ("CARES") and the "Reasonable Accommodation Management System" ("RAMS"), and Plaintiff's requests for reasonable accommodations, supporting documentation, and decisions.

5. Plaintiff is currently housed in the borough of Manhattan, i.e., New York County at a shelter on Ward's Island located at 111 Sunken Garden Loop, C-346, New York, NY 10035.

6. Plaintiff has been provided housing in a shelter along with other members of the community, most of whom are not legally blind. Plaintiff has not been institutionalized in some facility that houses persons with visual disabilities exclusively.

7. Defendants have provided the reasonable accommodations Plaintiff requested as follows:

| Type of request | Date Plaintiff made request | Decision |
|---|---|---|
| Flexible Scheduling for In-Shelter Appointments | February 21, 2024 | Approved immediately on February 21, 2024 |
| Help Reading Forms | February 21, 2024 | Approved immediately on February 21, 2024 |
| Help Completing Forms | February 21, 2024 | Approved immediately on February 21, 2024 |
| Help for People who are Blind or Low Vision | February 21, 2024 | Approved immediately on February 21, 2024 |
| Accessible transportation from intake to assessment and/or to shelters & between facilities | February 21, 2024 | Approved immediately on February 21, 2024 |
| Permitting assistance by support person and approving their access to the facility during in-shelter appointments | February 21, 2024 | Approved on March 28, 2024, after Plaintiff submitted supporting documentation |

| Placement in Elevator Building or First Floor | February 21, 2024 | Approved on March 28, 2024, after Plaintiff submitted supporting documentation |
| --- | --- | --- |
| Placement in Manhattan near health-related centers that Plaintiff frequents regularly | February 21, 2024 | Approved on March 28, 2024, after Plaintiff submitted supporting documentation |
| Placement in a single room | February 21, 2024 | Granted an alternative of reduced density placement in a room with no more than four persons in total on March 28, 2024, after Plaintiff submitted supporting documentation.[1] |

8. When Plaintiff was notified on April 2, 2024, that his shelter had been changed to 317 Bowery, NY, NY 10003—a location squarely within the island of Manhattan—he refused the change of placement claiming it did not meet his needs because he couldn't navigate in that area of Manhattan. On April 11, 2024, Plaintiff refused the offer of a room closer to the bathroom on his wing because "he had come to value where he was currently located. As of April 23, 2024, Plaintiff remained satisfied with his room placement and reported that the facility has met his accommodations and that he has no further accommodational needs at this time.

9. On April 11, 2024, Plaintiff reported that he had memorized the path from the Access-A-Ride pickup/drop-off point to the shelter and was not disoriented by its location. During that meeting, he reiterated that Access-A-Ride now picks him up at the facility at 8 a.m. daily and that he prefers to return just before dark, thus not being around, during mealtimes. Nevertheless, to ensure his safety and comfort, he was provided the Executive Director's mobile phone number and was advised to make contact freely, as needed.

---

[1] On April 9, 2024, Plaintiff appealed this decision, which, upon further review, was upheld the same day. "If more than one accommodation is available to meet the need of the individual making the request, DHS will give primary consideration to the individual's preference, though DHS has the ultimate discretion to select and offer an accommodation that is appropriate and effective for both the Class Member and DHS." *Butler*, 15-cv-03783-VEC (S.D.N.Y. Nov. 13, 2017), ECF 67 at 8.

      I declare under penalty of perjury that the foregoing is true and correct.

Dated:      April 30, 2024
               New York, New York

                                                  _____
                                                  Elizabeth A. Iannone, Esq.